UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JORGE A. BAR-LEVY,

                                 Plaintiff,

        - against -

GEORGE MITCHELL,

                               Defendant.
-------------------------------------------------------------x

**OPINION & ORDER**

No. 22-CV-3408 (CS)

Appearance:

Robert C. Zitt
Feerick Nugent MacCartney PLLC
South Nyack, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is the unopposed motion to dismiss of Defendant George Mitchell.

(ECF No. 9.)  For the following reasons, the motion is GRANTED.

I.      **BACKGROUND**

      I accept as true the facts, but not the conclusions, set forth in Plaintiff's Complaint.  (ECF

No. 1 ("Compl.").)

    **A.**  **Factual Background**

      On or about September 9, 2021, at around 9:43 a.m., Plaintiff parked on the sidewalk

adjacent to a synagogue located on 18 Forshay Road in Monsey, New York.  (Compl. at 4.)

Plaintiff was at the synagogue to attend morning religious services.  (*Id.*)  Plaintiff claims he

noticed several police officers "harassing, chasing away and mistreating" other attendees, and

decided to return to his vehicle and re-park it because he "didn't know if it was legally parked in

that spot."  (*Id.*)  He says he moved his vehicle off the sidewalk "at a speed of less than 1 mile[]

per hour[], taking the precautions required by the exception of Section 1225-A of the New York

Vehicle and Traffic Law." (*Id.*)  Defendant Mitchell, who was "harras[s]ing the religious service

attendees," wrote Plaintiff a traffic ticket, allegedly "knowing that [Plaintiff] did not violate[]

any traffic laws and did so because of [Plaintiff's] race, religion and national origin." (*Id.*)  As a

result of this "il[l]egal detention and false accusation," Plaintiff claims he has endured "mental

stress" and "financial losses," as he has "been forced to travel to New York from Florida to

defend these false allegations." (*Id.* at 5.)  Plaintiff alleges Defendant Mitchell "is

enco[u]ra[]ged by his police department's chief to specifically target US citizens of the Jewish

Faith who live[] in Monsey, New York and accuse[] them of committing [v]iolation[s] of

traffic[] laws knowing that these citizens have commit[t]ed no crimes or violations." (*Id.* at 4.)

On May 4, 2022, the Town of Ramapo Justice Court found Plaintiff guilty of violating

Section 1225-a of the New York Vehicle and Traffic Law ("VTL"), which states:

> No person shall drive a motor vehicle on or across a sidewalk, except that a
> vehicle may be driven at a reasonable speed, but not more than five miles per
> hour, on or across a sidewalk in such manner as not to interfere with the safety
> and passage of pedestrians thereon, who shall have the right of way, when it is
> reasonable and necessary:
>
> (a) to gain access to a public highway, private way or lands or buildings adjacent
> to such highway or way;
>
> (b) in the conduct of work upon a highway, or upon a private way or lands or
> buildings adjacent to such highway or way, or
>
> (c) to plow snow or perform any other public service, for hire, or otherwise,
> which could not otherwise be reasonably and properly performed.

N.Y. Veh. & Traf. Law § 1225-a.  Plaintiff was directed to pay a fine of $100 and a surcharge of $93.  (ECF No. 16-2.)[1]

### B. Procedural History

On April 27, 2022, Plaintiff filed a Complaint against Defendant George Mitchell, in his individual and official capacity, alleging violations of the First, Fourth and Sixteenth Amendments, as well as Title VI of the Civil Rights Act of 1964.  (Compl. at 2-3.)  On May 18, 2022, Defendant Mitchell filed a pre-motion letter in advance of his motion to dismiss.  (ECF No. 6.)  The Court held a pre-motion conference on June 17, 2022, during which it granted Plaintiff leave to amend his Complaint.  (Minute Entry dated June 17, 2022.)  After Plaintiff's deadline to file an amended complaint passed without action on his part, Defendant filed his motion to dismiss.  (ECF Nos. 9, 16-17.)  Plaintiff has not opposed the motion.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint."  *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)), *rev'd en banc on other grounds*, 585 F.3d 559 (2d Cir. 2009).  "Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the

---

[1] I take judicial notice of the state court action involving Plaintiff, (Case No. 21090209), as well as the corresponding judgment, (ECF No. 16-2).  Courts can "look to public records, including complaints filed in state court, in deciding a motion to dismiss."  *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).  I consider the relevant state court records for the fact that they exist and for the fact of what is said in them, but not for the truth of the matters asserted therein.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

statutory or constitutional power to adjudicate it." *Id.* (cleaned up). "When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists, and the district court may examine evidence outside of the pleadings to make this determination." *Id.* (cleaned up). "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (cleaned up), *aff'd on other grounds*, 561 U.S. 247 (2010). When a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds such as failure to state a claim upon which relief can be granted, the Court must address the issue of subject matter jurisdiction first. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a

prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (cleaned up) (quoting Fed. R. Civ. P. 8(a)(2)).

When deciding a motion to dismiss under Rule 12(b)(6):

> [A] district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint. For a document to be considered integral to the complaint, the plaintiff must rely on the terms and effect of a document in drafting the complaint; mere notice or possession is not enough. And even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document, and it must be clear that there exist no material disputed issues of fact regarding the relevance of the document.

*United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 2679 (2022). A court may also consider matters "of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer*, 937 F.2d at 773.

Defendant attaches two exhibits to his memorandum: Plaintiff's Complaint and a Certificate of Disposition that was issued by the Town of Ramapo Justice Court. (ECF Nos. 16-1; 16-2.) I may obviously consider the Complaint. *Condit v. Dunne*, 317 F. Supp. 2d 344, 357

(S.D.N.Y. 2004).  As previously stated, I will also take judicial notice of the Certificate of

Disposition, "not for the truth of the matters asserted in the other litigation, but rather to establish

the fact of such litigation and related filings."  *Kramer*, 937 F.2d at 774.

A motion to dismiss on grounds of preclusion is treated as a motion to dismiss for failure

to state a claim under Federal Rule of Civil Procedure 12(b)(6), not as a motion to dismiss for

lack of jurisdiction under Rule 12(b)(1).  *See Thompson v. County of Frankli*n, 15 F.3d 245, 253

(2d Cir. 1994) ("[T]he doctrine of *res judicata* or issue preclusion in no way implicates

jurisdiction.  *Res judicata* challenges may properly be raised via a motion to dismiss for failure

to state a claim under Rule 12(b)(6).").

Failure to oppose does not alone justify dismissal.  *Goldberg v. Danaher*, 599 F.3d 181,

183 (2d Cir. 2010).  "[T]he sufficiency of a complaint is a matter of law that the court is capable

of determining based on its own reading of the pleading," and if it "is sufficient to state a claim

on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does

not warrant dismissal."  *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

### C.    *Pro Se* **Plaintiffs**

Submissions by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v.

Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), interpreted "to raise the strongest arguments that

they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent

standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per

curiam*) (cleaned up).  Nevertheless, "threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice," and district courts "cannot invent

factual allegations" that the plaintiff has not pleaded.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d

Cir. 2010) (cleaned up).

III.    **DISCUSSION**

A.    **Subject Matter Jurisdiction**

Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's

claims because the *Rooker-Feldman* doctrine applies.

> Pursuant to the *Rooker-Feldman* doctrine, federal district courts may not exercise
> subject matter jurisdiction over actions that seek appellate review of state court
> judgments.  The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that
> the Supreme Court is the only federal court that has jurisdiction to review state
> court judgments unless otherwise provided by Congress.  This comity principle
> seeks to prevent state and federal courts from fighting each other for control of a
> particular case.
>
> The Second Circuit has established four requirements for applying the *Rooker-
> Feldman* doctrine:  (1) the federal court plaintiff must have lost in state court;
> (2) the plaintiff must complain of injuries caused by the state court judgment; (3)
> the plaintiff must invite the district court to review and reject that judgment; and
> (4) the state court must have rendered judgment before federal district court
> proceedings commenced.

*Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14,

2009) (cleaned up).[2]  "The Second Circuit has classified the first and fourth requirements as

'procedural' and the second and third as 'substantive.'"  *Done v. Wells Fargo, N.A.*, No. 12-CV-

4296, 2013 WL 3785627, at *6 (E.D.N.Y. July 18, 2013) (cleaned up).

Here, the two procedural requirements of the *Rooker-Feldman* doctrine are not satisfied.

Although the Ramapo Justice Court entered a judgment against Plaintiff, finding that he violated

the VTL and fining him, this judgment was entered on May 4, 2022, (ECF No. 16-2 at 2), after

Plaintiff commenced this federal action April 27, 2022.  Therefore, the fourth requirement – that

the state court render judgment before the federal suit begins – has not been met.  Further, the

injuries of which Plaintiff complains do not arise from the state-court judgment, but rather from

---

[2] The Court will send Plaintiff copies of all unpublished decisions cited in this Opinion
and Order.

his interaction with Officer Mitchell, and thus they "existed in [their] exact form prior to the

state-court judgment." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007); *see Beard v. Town of

Monroe*, No. 13-CV-1714, 2014 WL 4678038, at *4 (D. Conn. Sept. 18, 2014) ("*Rooker

Feldman* does not apply to injuries that have been merely 'ratified' rather than 'produced' by a

state court judgment.").  "Indeed, the Complaint does not request overturning or modifying that

state court judgment, but rather seeks compensatory and punitive damages for . . . alleged

constitutional violations" that preceded the state-court decision.  *Deraffele v. City of New

Rochelle*, No. 15-CV-282, 2016 WL 1274590, at *8 (S.D.N.Y. Mar. 30, 2016) (cleaned up).

Plaintiff's claims are therefore not barred by the *Rooker-Feldman* doctrine.

**B.**   **Preclusion**

Defendant argues that Plaintiff's claims are barred by *res judicata* and collateral estoppel,

also known as claim preclusion and issue preclusion, respectively.  (ECF No. 17 ("D's Mem.") at

5-7.)  *Res judicata*, or claim preclusion, means that "a final judgment on the merits of an action

precludes the parties or their privies from relitigating issues that were or could have been raised

in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  To prove the affirmative defense of

*res judicata*, a party must show that "(1) the previous action involved an adjudication on the

merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the

claims asserted in the subsequent action were, or could have been, raised in the prior action."

*Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating

in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior

proceeding."  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002).  Collateral

estoppel applies when:  "(1) the identical issue necessarily was decided in the prior action and is

decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).

Plaintiff's claims do not appear to be barred under *res judicata* or collateral estoppel. While the state-court judgment precludes Plaintiff from denying that he violated VTL § 1125-a, his claims (as noted above) do not arise from the state-court judgment (which did not even exist at the time he sued), but rather from what he alleges is discrimination or selective prosecution in the officer's determination regarding whom to ticket. Defendant has not shown that those issues were or could have been raised as defenses to the allegation of illegally driving on a sidewalk.

I therefore turn to the merits.

**C.    Substantive Claims**

Plaintiff alleges violations of the First, Fourth, and Fourteenth Amendments,[3] along with Title VI of the Civil Rights Act of 1964. (Compl. at 3.) None of these claims are adequately pleaded.

**1.    First Amendment**

Defendant interprets Plaintiff's First Amendment claim to be alleging retaliation for the exercise of his religion, given he was issued a traffic ticket while he was at a synagogue for religious services. (D's Mem. at 9.) In the context of a private citizen's First Amendment retaliation action against a public official, the plaintiff must show that: "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially

---

[3] In his Complaint, Plaintiff lists the Sixteenth Amendment as one of the federal constitutional rights he believes was violated, but offering him special solicitude, I construe this instead to mean the Fourteenth Amendment. The Sixteenth Amendment authorizes Congress to impose the federal income tax, and has no relevance to the facts and issues here.

caused by his exercise of that right; and (3) the defendant's actions caused him some injury."
*Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (*per curiam*).  On a motion to
dismiss, the court "must be satisfied that such a claim is supported by specific and detailed
factual allegations, which are not stated in wholly conclusory terms."  *Velez v. Levy*, 401 F.3d 75,
97 (2d Cir. 2005) (cleaned up).

Plaintiff fails to plausibly allege that Defendant Mitchell's action – the issuance of the
traffic ticket – was motivated or substantially caused by Plaintiff's exercise of his religion.
Plaintiff's allegations that Defendant Mitchell was targeting Jewish citizens and was encouraged
to do so by his chief, (Compl. at 4), are entirely conclusory.  Plaintiff provides no facts to support
these allegations or render them plausible.  To the contrary, he undermines them by conceding
that he had been parked on the sidewalk – behavior that gave Defendant probable cause to stop
and issue Plaintiff a ticket.

Plaintiff's First Amendment claim is therefore dismissed.

### 2.  <u>Fourth Amendment</u>

Plaintiff also alleges Defendant Mitchell violated his Fourth Amendment rights by
ticketing him.  (*Id*. at 4.)  That claim is dismissed because "the issuance of a pre-arraignment,
non-felony summons requiring a later court appearance, without further restrictions, does not
constitute a Fourth Amendment seizure."  *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010); *see
Rodriguez v. Village of Sleepy Hollow*, No. 13-CV-8465, 2015 WL 4597446, at *5 (S.D.N.Y.
July 29, 2015); *MacPherson v. Town of Southampton*, No. 07-CV-3497, 2013 WL 6058202, at
*5 (E.D.N.Y. Nov. 14, 2013); *Orakwue v. City of N.Y.*, No. 11-CV-6183, 2013 WL 5407211, at
*13 (E.D.N.Y. Sept. 25, 2013).  In short, "[i]ssuing a parking ticket does not even count as a

Fourth Amendment seizure." *Torres v. City of N.Y.*, No. 20-CV-10210, 2022 WL 743926, at *12 (S.D.N.Y. Mar. 11, 2022).

To the extent Plaintiff complains that his Fourth Amendment rights were violated because he was stopped without reasonable suspicion, the claim is also dismissed. "[T]raffic stops must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017) (cleaned up). Even assuming Plaintiff was stopped while driving, as opposed to being given a ticket once he had moved his car, Plaintiff himself states facts showing that Defendant Mitchell had probable cause to stop Plaintiff and issue the ticket. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," *Whren v. United States*, 517 U.S. 806, 810 (1996), and Plaintiff admits – and is precluded from denying – that he had driven his car on the sidewalk. Defendant Mitchell thus had more than reasonable suspicion that Plaintiff committed a traffic violation under VTL § 1225-a.[4]

The Fourth Amendment claim is therefore dismissed.

### 3. Fourteenth Amendment

---

[4] To the extent Plaintiff intended to bring a claim of false arrest or malicious prosecution, such claims would fail. For one thing, the presence of probable cause precludes both kinds of claims, and the conviction conclusively shows probable cause. *See Lavrick v. Suffolk County*, No. 20-CV-609, 2021 WL 2856722, at *4 (E.D.N.Y. July 8, 2021) ("A conviction of the plaintiff following the arrest necessarily establishes probable cause sufficient to preclude a false arrest claim.") (cleaned up); *id.* at *6 ("Because . . . Plaintiff's conviction establishes probable cause and failure to demonstrate a favorable termination, Plaintiff cannot establish a malicious prosecution claim under either section 1983 or New York law.").

As noted above, I construe the Complaint to allege a violation of the Fourteenth

Amendment, and giving Plaintiff special solicitude, I will analyze both the due process and equal

protection clauses.

Under the Fourteenth Amendment, both substantive and procedural due process claims

require the plaintiff to allege a constitutionally protected property or liberty interest.  *See Rother*

*v. NYS Dep't of Corr. & Cmty. Supervision*, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013) ("To state

a substantive due process claim, a plaintiff must allege that:  (1) the complained-of state action

compromised a constitutionally-protected liberty or property right, and (2) the state action that

deprived him of that interest was oppressive or arbitrary.") (cleaned up); *Grasson v. Bd. of Educ.*,

24 F. Supp. 3d 136, 146 (D. Conn. 2014) ("To establish a procedural due process claim, a

plaintiff must prove (1) he has a property or liberty interest protected by the Constitution and

(2) that government deprived him of that interest without due process.") (cleaned up).  Plaintiff

here clearly fails to do so.  He describes no property or liberty interest in being free of a ticket for

admittedly driving or parking illegally.  To the extent the adjudication of guilt deprived Plaintiff

of $193, he has not alleged the deprivation occurred without process.  To the contrary, both the

opportunity to fight the ticket in court and New York's Article 78 procedure provide sufficient

process.  *See Neal v. Town of East Haven*, 694 F. App'x 44, 45 (2d Cir. 2017) (summary order);

*Torres*, 2022 WL 743926, at *4; *Kelly v. Rice*, 375 F. Supp. 2d 203, 210 (S.D.N.Y. 2005).  And

"[n]othing about the issuance of a parking ticket implicates the rarely-used doctrine of

'substantive due process.'"  *Kelly*, 375 F. Supp. 2d at 209.  Any due process claim is therefore

dismissed.

Plaintiff also fails to adequately plead an equal protection claim.  First, any equal

protection claim here would duplicate the First Amendment claim, as both arise from the

allegation that Plaintiff was ticketed because he is Jewish.  Where an "equal protection claim is premised on the [same basis as a] First Amendment violation . . . the former coalesces with the latter," and "where the First Amendment claim has failed, the equal protection claim fails, too." *Kempkes v. Downey*, No. 07-CV-1298, 2008 WL 852765, at *6 (S.D.N.Y. Mar. 31, 2008).

In any event, the claim would fail standing alone.  The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To establish an equal protection violation, a plaintiff "must show both that he was treated differently than other persons who were similarly situated and that such differential treatment was either without rational basis (a 'class of one' claim) or was motivated by an intent to discriminate on an impermissible basis (a selective enforcement claim)."  *Casciani v. Nesbitt*, 392 F. App'x 887, 888 (2d Cir. 2010) (summary order).  Because Plaintiff argues he was issued a ticket because of his race, religion, and national origin, his claim is best analyzed as a selective enforcement claim.  To make out a claim for selective enforcement, a plaintiff must "show both (1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  *Harlen Assocs. v. Incorporated Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (cleaned up).  The comparators must be similarly situated in all material respects.  *See Joglo Realties, Inc. v. Seggos*, No. 16-CV-1666, 2016 WL 4491409, at *9 (E.D.N.Y. Aug. 24, 2016).  The discrimination must be intentional or purposeful.  *LeClair v. Saunders*, 627 F.2d 606, 609 (2d Cir. 1980).

Plaintiff makes no effort to identify sufficiently similar comparators who were treated more favorably. *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790-91 (2d Cir. 2007) (identification of similarly situated individuals treated differently required for selective enforcement theory). The allegation that Defendant Mitchell was "harras[s]ing the religious service attendees," (Compl. at 4), not only is entirely conclusory, but does not suggest that individuals who parked on sidewalks on other occasions were treated better. Plaintiff provides no facts or allegations about any comparators from which I could infer that they were similarly situated to Plaintiff. He thus fails to plausibly allege differential treatment.

Nor does Plaintiff plausibly allege that any such treatment was based on his race, religion, or national origin. *See Ross v. New Canaan Env't Comm'n*, 532 F. App'x 12, 13 (2d Cir. 2013) (summary order) ("To state a claim for an equal protection violation, [a plaintiff] must allege that a government actor intentionally discriminated against them on the basis of race, national origin or gender.") (cleaned up). Plaintiff provides no facts suggesting that his membership in a protected class played any role in Defendant's decision to issue the ticket. As noted above in connection with the First Amendment claim, Plaintiff provides only conclusory allegations that Defendant issued the ticket to Plaintiff because Plaintiff is Jewish. That Defendant issued a ticket near a synagogue does not adequately suggest that the ticket was issued based on racial or religious animus. Plaintiff's allegations are devoid of facts indicating that Defendant ever considered or took any action based on Plaintiff's race, religion, or national origin. *See Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (conclusory allegations of discrimination "without evidentiary support or allegations of particularized incidents, [do] not state a valid claim and so cannot withstand a motion to dismiss") (cleaned up); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001) ("Plaintiffs

have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to their race.  This is not sufficient."); *Jarrach v. Sanger*, No. 08-CV-2807, 2010 WL 2400110, at *8 (E.D.N.Y. June 9, 2010) ("Conclusory allegations of selective treatment are insufficient to state an equal protection claim."); *Nash v. McGinnis*, 585 F. Supp. 2d 455, 462 (W.D.N.Y. 2008) ("Conclusory allegations of disparate treatment or plaintiff's personal belief of discriminatory intent is insufficient.") (cleaned up).  Therefore, Plaintiff's equal protection claim is also dismissed.

Accordingly, any claims under the Fourteenth Amendment are dismissed.

### 4.   <u>Title VI of the Civil Rights Act of 1964</u>

Plaintiff also alleges discrimination based on his race, religion, and national origin under Title VI of the Civil Rights Act of 1964.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d; *see Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001).  In order to establish a Title VI violation, a plaintiff must show, through specific factual allegations, *see Faccio v. Eggleston*, Nos. 10-CV-783, 10-CV-699, 2011 WL 3666588, at *9 (N.D.N.Y. Aug. 22, 2011) (discriminatory animus must be pleaded with particularity); *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 595 (S.D.N.Y. 2011) (same); *Lopez v. Bay Shore Union Free Sch. Dist.*, 668 F. Supp. 2d 406, 414 (E.D.N.Y. 2009) (same), that "(1) the defendant discriminated on a prohibited basis; (2) the discrimination was intentional; and (3) the discrimination was a substantial or motivating factor for the defendant's action," *Faccio*, 2011 WL 3666588, at *9; *see Tolbert*, 242 F.3d at 69.  "Typically, facts that support an inference of racial animus relate to

long-term practices of discrimination, or to comments made by individuals suggesting that they harbor racial biases." *Lopez*, 668 F.Supp.2d at 414.  Moreover, "[t]he proper defendant in such a case is the entity that receives federal financial assistance, not an individual." *Kelly*, 375 F. Supp. 2d at 208 (collecting cases).

Here, Plaintiff brings claims only against Defendant Mitchell, in his official and individual capacity.  (Comp. at 2.)[5]  Because Title VI does not provide for individual liability, *see Bayon v. State Univ. of N.Y.*, No. 98-CV-578, 2001 WL 135817, at *2 (W.D.N.Y. Feb. 15, 2001), any Title VI claim against Defendant in his individual capacity is dismissed.  Further, again, Plaintiff has not pleaded any facts plausibly suggesting that Defendant Mitchell discriminated against Plaintiff in an intentional manner or that discrimination was a substantial or motivating factor in his issuance of the ticket.  Plaintiff does not allege that Defendant Mitchell made even a single racially or religiously tinged comment or that he treated Plaintiff differently from people outside his protected class.  Nor does this single incident suggest any long-term practice.

Any Title VI claims against Defendant Mitchell – in either his individual or official capacity – are therefore dismissed.[6]

---

[5] To the extent Plaintiff, by suing Defendant in his official capacity, intended to bring his § 1983 claims against the Town of Ramapo, such claims would fail – both because there is no municipal liability where there is no underlying constitutional violation, *see, e.g., Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 25 (E.D.N.Y. 2013), and because he presents no non-conclusory allegations of a municipal policy or custom, *see, e.g., Martin v. Cnty. of Nassau*, 692 F. Supp. 2d 282, 296 (E.D.N.Y. 2010).

[6] To the extent Defendant is asking the Court to impose sanctions against Plaintiff on its own motion, (D's Mem. at 12-13), I decline to do so.  Rule 11 permits a court to do so "after notice and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c)(1); *see id*. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").  While Plaintiff's initiation of

### D.    <u>Leave to Amend</u>

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the district court to grant or deny leave to

amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up).  "Leave to amend, though

liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by

amendments previously allowed'" or "'futility of amendment,'" among other reasons.  *Ruotolo v.

City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)).

Plaintiff was given the opportunity to amend his complaint, after having the benefit of a

pre-motion letter from Defendant outlining the proposed grounds for dismissal, (ECF No. 6), and

the discussion at the June 17, 2022 pre-motion conference, (*see* Minute Entry dated June 17,

2022).  In general, a plaintiff's failure to fix deficiencies in the previous pleading, after being

provided notice of them, is alone sufficient ground to deny leave to amend.  *See Nat'l Credit

Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a

plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no

right to a second amendment even if the proposed second amended complaint in fact cures the

defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by

the presentation of theories seriatim.") (cleaned up); *In re Eaton Vance Mut. Funds Fee Litig.*,

380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have

---

this entirely meritless lawsuit, combined with his failure to amend his complaint or oppose the
instant motion, might suggest that he brought the case to harass, and while he has a history of
bringing cases in this Court and then abandoning them, *see, e.g.*, No. 18-CV-9555 and No. 18-
CV-9454, I decline to consider Rule 11 sanctions in light of Plaintiff's *pro se* status.  Plaintiff is
advised, however, that violation of Rule 11 or other vexatious conduct in future cases may result
in sanctions under that Rule or the Court's inherent power.

had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects in the Consolidated Amended Complaint by the defendants and given a chance to amend their Consolidated Amended Complaint," and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies.") (cleaned up).

Moreover, Plaintiff has not asked to amend or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this opinion. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (*per curiam*) (district court did not abuse its discretion by not granting leave to amend where there was no indication as to what might have been added to make complaint viable and plaintiffs did not request leave to amend).

Accordingly, the Court declines to grant leave to amend *sua sponte*.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 9), and close the case.

**SO ORDERED.**

Dated: October 25, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.